| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ERNEST LEE TRAVIS, #1441963 §
§
*versus* § CIVIL ACTION NO. 9:10-cv-101
§
DIRECTOR, TDCJ-CID §

## MEMORANDUM OPINION AND ORDER
## DENYING RELIEF FROM JUDGMENT

On October 29, 2010, the Magistrate Judge assigned to review Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus issued a Report and Recommendation (R&R) that the petition be denied and the case dismissed with prejudice. After Petitioner filed his objections, the Court conducted a *de novo* review of the petition and adopted the Magistrate Judge's R&R. Thus, on December 1, 2010, the Court issued an Order of Dismissal and a Final Judgment denying the petition and dismissing the case (entered on the docket on December 2, 2010). Petitioner filed a notice of appeal on March 1, 2011. On March 31, 2011, the United States Court of Appeals for the Fifth Circuit issued an Order dismissing the appeal for lack of a timely notice of appeal. *See Travis v. Thaler*, USCA Case No. 11-40239 (5th Cir. Mar. 31, 2011) (entered on the district court docket April 8, 2011).

On August 1, 2011, Petitioner filed the instant Motion for Relief From a Judgment or Order (docket entry #29). He contends that the Court erred in entering judgment on the basis that it considered him to be challenging a prison disciplinary case rather than the Texas state court conviction he actually challenged. He therefore seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) for mistake or inadvertence.

Rule 60(b)(1) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect." *See Williamson v. City of Morgan City*, 2011 WL 2341369, at *1 (5th Cir. June 10, 2011) (per curiam) (quoting Fed. R. Civ. P. 60(b)(1)). As the Fifth Circuit has stated:

> This court has set a high bar for what a party must show to receive relief under Rule 60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief."

*Id*. (quoting *Pryor v. U.S. Postal Service*, 769 F.3d 281, 286 (5th Cir. 1985)). Petitioner has made no such showing of "unusual or unique circumstance[]" here. A review of the Court's Order Dismissal reveals that the order inadvertently included the statement:

> Petitioner Ernest Lee Travis, an inmate confined at the Ramsey Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging a prison disciplinary proceeding.

*See* Order of Dismissal at 1. Minor typographical error though it may be, it does not mean that the Court considered Petitioner's habeas petition to be a challenge to a disciplinary proceeding rather than a court conviction. Taken in its proper context, the Order of Dismissal adopted the Magistrate Judge's R&R, which explicitly stated:

> On May 29, 2007, Petitioner was convicted of fraud possession of a controlled substance by prescription in the 258th District Court of Polk County, Texas, and sentenced to 25 years imprisonment. [. . . .] Petitioner now challenges this conviction.

R&R at 1. The R&R goes on to discuss the procedural history of Petitioner's conviction and post-conviction filings and his grounds for relief, ultimately concluding that Petitioner's habeas petition was time-barred. *See id*. at 7-10. The fact that the Order of Dismissal inadvertently referred to a "disciplinary hearing" rather than to a "conviction" is nothing more than an easily-rectified administrative error and not the "mistake or inadvertence" contemplated by Fed. R. Civ. P. 60(b)(1).

Instead, Fed. R. Civ. P. 60(a) applies. That rule states in pertinent part:

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

*Id*. "A clerical error is a mistake, oversight, or omission that causes the judgment to fail to reflect what was intended by the court at the time." *Martin Midstream Partners v. Boone Towing Inc.*, 207 Fed. Appx. 439, 440-41 (5th Cir. 2006) (per curiam) (citing *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976)). When court documents make it clear what a court's intention is, it may correct such clerical mistakes as necessary. *Martin Midstream Partners*, 207 Fed. Appx. at 441. In this case, the Order of Dismissal explicitly adopting the Magistrate Judge's R&R removes any possible doubt of the subject of the Court's consideration in this case. To the extent that the Order of Dismissal mistakenly referred to a "disciplinary proceeding," the Court now corrects that sentence to read, "challenging a conviction."

It is therefore

**ORDERED** that Petitioner's post-appeal Motion for Relief From a Judgment or Order (docket entry #29) is hereby **DENIED**.

SIGNED at Beaumont, Texas, this 29th day of September, 2011.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE